
```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH DAKOTA
       CENTRAL DIVISION
```

| | | |
|---|---|---|
| DAVID A. GATES, | * | CIV 11-3013-RAL |
| Plaintiff, | * | |
| vs. | * | |
| | * | ORDER DENYING MOTION |
| BLACK HILLS HEALTH CARE | * | FOR COURT ORDER |
| SYSTEMS (BHHCS), THE | * | REGARDING DISCOVERY |
| DEPARTMENT OF VETERANS | * | |
| AFFAIRS, and THE UNITED STATES, | * | |
| Defendants. | * | |

Plaintiff David A. Gates filed a Motion for Court Order. Doc. 40. Gates seeks a court order requiring production of documents by entities not party to this suit. Defendants take the position that the documents are not relevant to the claims at issue in this case. Doc. 41. Because the discovery Gates seeks through a court order is not reasonably calculated to lead to discovery of admissible evidence, the Motion for Court Order is denied.

Gates was irregularly discharged from an alcohol treatment program at the Veterans' Administration (VA) domiciliary in Hot Springs, South Dakota, on February 23, 2009, for allegedly viewing pornographic material on a VA computer. Gates filed this suit alleging violations of his privacy and Fourth Amendment rights and alleging that accidental disclosure of information pertaining to his irregular discharge from the VA program to unauthorized individuals violated his right to privacy. Doc. 1. While at the VA alcohol treatment program, Gates was a contracted Certified Nurses Aid (CNA) at the Castle Manor Nursing Home ("Castle Manor"), which is a community-based nursing home in Hot Springs, South Dakota. Doc. 1 at ¶ 8. On January 20, 2009, Gates lost his position at Castle Manor after allegations surfaced of Gates engaging in inappropriate touching at that job. Doc. 1 at ¶¶ 14, 17, 18.

A different lawsuit, filed as CIV 12-3011-RAL, relates to Gates' involvement in a living

skills treatment program in a VA facility in Ft. Meade, South Dakota. CIV 12-3011-RAL, Doc. 1. Gates was irregularly discharged from the living skills program on September 8, 2009, for allegedly having a weapon and inhalants in his private sleeping area. Doc. 42-4. In that lawsuit, Gates complains that actions taken by the VA staff were retaliatory and violated his Constitutional rights. CIV 12-3011-RAL, Doc. 1. Gates filed a motion for joinder requesting consolidation of his two lawsuits. CIV 11-3013-RAL, Doc. 22. This Court then consolidated the two cases. Doc. 39.

Gates now moves for this Court to order the release of the following documents: (1) investigations by the State of South Dakota about Gates; (2) investigations by Castle Manor Nursing Home into allegations of sexual misconduct on the part of Gates; (3) investigation by the South Dakota Nursing Board of Jacqueline Hedlund; (4) investigation by the South Dakota Social Workers Board of Richard Rainer; and (5) investigation by the South Dakota Social Workers Board of Jason Chipman. Doc. 40 at 3. Although Gates does not identify these individuals, nor explain their connection to his present lawsuit, it appears that all documents sought relate to the investigation at Castle Manor into the allegations against Gates for inappropriate touching. Doc. 40 at 1.

Under the Federal Rules of Civil Procedure, parties ordinarily "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Rule 26 vests this Court with discretion to limit discovery if it determines the burden or expense of the proposed discovery outweighs its likely benefit. Id.; see also Fed. R. Civ. P. 45(c) (authorizing the court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps

2

to avoid imposing "undue burden or expense" on a person subject to a subpoena). This Court need not authorize discovery that is merely a "fishing expedition." Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361-62 (8th Cir. 2003). A plaintiff may not use a lawsuit as a tool for "a fishing expedition" to seek grounds for another lawsuit. E.E.O.C. v. CRST Van Expedited, Inc., 679 F.3d 657, 675 (8th Cir. 2012).

Gates seeks this discovery because he believes that information from the Castle Manor investigation might show that his personal medical information was disclosed by Defendants to unauthorized individuals, and that the possible source of that alleged disclosure might be revealed. Doc. 40 at 2. In his Complaint, Gates alleges that he was discharged from the VA alcohol treatment program because of the happenings at Castle Manor, Doc. 1 at ¶ 24, and that a nurse from the VA's Black Hills Health Care System provided information to staff at Castle Manor about his discharge from the VA, Doc. 1 at ¶ 26. Yet, Gates' discharge from the VA occurred on February 23, 2009, more than a month after Gates lost his job at Castle Manor. At any rate, Gates seeks to find a connection between his dismissal from Castle Manor and his termination from the VA alcohol treatment program.

Gates' request for records is a mere "fishing expedition" to gain access to Castle Manor records and investigations concerning events at Castle Manor. See E.E.O.C., 679 F.3d at 675. Gates' federal cases are not against Castle Manor, however. The time line that Gates has provided indicates that he was dismissed from Castle Manor over a month before the VA confronted him about allegedly viewing pornography on a VA computer. This discovery sought by Gates does not appear "reasonably calculated to lead to the discovery of admissible evidence" because Castle Manor could not have had the records of Gates' termination from the VA at the time that they investigated charges of Gates' inappropriate touchings and terminated Gates'

employment. If the VA did in fact terminate Gates from their program because of happenings at Castle Manor, there would be no evidence in the records at Castle Manor to indicate the motivation for the VA's actions a month later. Similarly, any investigation performed by the State of South Dakota into the allegations at Castle Manor is irrelevant to Gates' federal case. The State would have been investigating the circumstances surrounding Gates' termination from employment, and not matters concerning Gates' relationship with the VA.

Gates appears to argue that the records sought might show that the computer coordinator at the VA, who confronted Gates about the viewing of pornography, may have disclosed medical information to a third party. Doc. 40 at 3. However, Gates has not provided any rationale as to how any possible disclosure by the computer coordinator at the VA of records pertaining to his termination would have made it into records at Castle Manor, where Gates had been dismissed a month earlier.

Because Gates' dismissal from Castle Manor is completely separate from, and predates, his termination from the VA alcohol treatment program and the VA living skills treatment program, this Court will not issue an order requiring the production of documents from or regarding Castle Manor. Gates' requested subpoena for production from Castle Manor is the sort of "fishing expedition" that is not reasonably calculated to lead to the discovery of admissible evidence.

Gates also seeks a court order for information pertaining to investigations made by outside state agency boards. Doc. 40 at 2. Gates argues that "[t]he external investigations of the various State Boards will produce evidence of false information reported to the SD Board and evidence of retaliation that is not recorded in Plaintiffs [sic] Progress Notes." Gates has not clearly identified the roles of the individuals who were subject to these investigations; however,

4

the reports Gates seeks apparently were a part of the investigation at Castle Manor regarding the allegations of inappropriate touching by Gates. Gates has requested that Defendants produce any copy of these investigations that they possess, and Defendants have responded that they do not have such information. This Court trusts that Defendants are not improperly withholding any such reports. If the Defendants did not receive copies of the reports, then those reports did not contribute to any decision of the VA to terminate Gates and are not relevant in this case. Therefore, this Court will not order the various state boards to produce for Gates the reports he requests.

Therefore, it is hereby

ORDERED that the Motion for Court Order, Doc. 40, is denied.

Dated April 17, 2013.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE